UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-6978 ODW (PJWx) | Date | May 24, 2011 |
| Title | *Larios v. Federal Home Loan Mortgage Corporation, et al.* | | |

Present: The Honorable Otis D. Wright II, United States District Judge

| Sheila English | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings (IN CHAMBERS):**   **Order GRANTING Motion for Judgment on the Pleadings [23] [Filed 05/02/11] and VACATING Hearing Thereon**

Currently before the Court is Defendants, Wells Fargo Bank, N.A. and Federal Home Loan Mortgage Corporation's (collectively "Defendants"), Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff, Benito Larios ("Plaintiff"), failed to timely oppose the Motion, which may be deemed consent to the granting of the motion. *See* L.R. 7-9; L.R 7-12. Nevertheless, the Court has considered Defendants' arguments in support, and for the reasons stated below, hereby **GRANTS** Defendants' Motion. The June 6, 2011 Hearing on this matter is **VACATED** and no appearances are necessary.

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) challenges the legal sufficiency of the opposing party's pleadings and the allegations contained therein. *See* FED. R. CIV. P. 12(c). Judgment on the pleadings is "properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010). Dismissal is inappropriate, however, in circumstances in which there is an issue of material fact in dispute. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

# CIVIL MINUTES - GENERAL

| Case No. | CV 10-6978 ODW (PJWx) | Date | May 24, 2011 |
|---|---|---|---|
| Title | *Larios v. Federal Home Loan Mortgage Corporation, et al.* | | |

On March 22, 2011, the Court granted Defendants Motion to Dismiss Plaintiff's First Amended Complaint as to all claims, with the exception of Plaintiff's claim for failure to answer his Qualified Written Request ("QWR"). (Dkt. No. 22.) The Court found that Plaintiff's claim was not barred by the statute of limitations and that "[b]ecause the April 16, 2010 letter identifie[d] the name and account of the borrower and [sought] other information regarding servicing, . . . Plaintiff ha[d] sufficiently alleged that he submitted a QWR, which may have required a response." (*Id.*) Defendants now contend that because the QWR was submitted on April 16, 2010, after the date of foreclosure and auction on March 18, 2010, as a matter of law Defendants were not required to respond to Plaintiff's QWR.

With respect to the time in which a borrower must submit a written request in order for it to properly be considered a QWR, the Code of Federal Regulations specifies that "[a] written request does not constitute a [QWR] if it is delivered to a servicer more than 1 year after either the date of transfer of servicing or the date that the mortgage servicing loan amount was paid in full." 24 C.F.R. § 3500.21(e)(2)(ii) ("section 3500.21"). This implies that a written request submitted within one year of the date on which the mortgage servicing loan was paid in full qualifies as a QWR. Indeed, nothing in section 3500.21 indicates that a borrower must submit a QWR *before* the loan has been paid in full, as Defendants contend. Here, Plaintiff submitted his QWR on April 16, 2010, which is clearly within one year of March 18, 2010, the date that the mortgage loan was paid in full. Consequently, the Court finds that Plaintiff's QWR was timely under 12 C.F.R. § 3500.21 (e)(2)(ii).

Nevertheless, Plaintiff fails to plead what his actual damages are from Defendants' failure to respond to his QWR. Plaintiff only states, in a conclusory fashion, that he seeks "$1,000 for failure to answer Written Request." (FAC at 9.) Such an allegation is "doomed in the absence of . . . identifiable damages attributable to a RESPA claim." *Hamilton v. Bank of Clue Valley*, 746 F. Supp. 2d 1160, 1175 (E.D. Cal. 2010). Furthermore, to the extent Plaintiff seeks statutory damages under 12 U.S.C. § 2605(f)(1)(B), he has failed to plead the requisite pattern or practice of noncompliance. *See* 12 U.S.C. § 2605(f)(1)(B) (allowing "additional damages . . . in the case of a pattern or practice of noncompliance . . . in an amount not to exceed $1,000). Accordingly, the Court finds Plaintiff's allegations in this respect insufficient to support his RESPA claim and hereby **GRANTS** Defendants' Motion to for Judgment on the Pleadings. As there are no remaining claims, the Clerk of the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 10-6978 ODW (PJWx) | Date | May 24, 2011 |
|---|---|---|---|
| Title | *Larios v. Federal Home Loan Mortgage Corporation, et al.* | | |

shall close this case.

**IT IS SO ORDERED.**

-- : 00

Initials of Preparer     SE